# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BOBBY D. WEECE, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
v. ) Case No. CIV-08-415-SPS
　　　　　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## OPINION AND ORDER

The claimant Bobby D. Weece requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the decision of the Commissioner is REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938). *See also Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 800 (10th Cir. 1991). The Court reviews the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951); *see also Casias,* 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on November 2, 1954, and was fifty-two years old at the time of the administrative hearing. He has an eleventh grade education, and previously worked as a sub-assembler, industrial truck operator, spray painter, and poultry farm laborer. The claimant alleges he has been unable to work since May 1, 2004, primarily because of back pain radiating into his hips and legs, and numbness in his right leg.

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, on June 6, 2005. His application was denied. ALJ Deborah Rose conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated February 8, 2008. The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform the full range of light work (Tr. 14). The ALJ concluded that although the claimant could not return to any of his past relevant work (Tr. 18), he was nevertheless not disabled according to Rule 202.11 of "the grids," *i. e.*, because of his age, education, work experience and RFC (Tr. 19). *See* 20 C.F.R. Part 404, Subpt. P, App. 2, Medical Vocational Rule 202.11.

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly weigh medical opinions from an examining physician; and (ii) by finding he was not disabled according to the grids despite having a significant non-exertional impairment. The Court finds that the ALJ *did* fail to properly weigh medical opinions in the record, and the decision of the Commissioner must therefore be reversed.

The ALJ discussed opinions from two physicians in evaluating the claimant's RFC (Tr. 17-18). The first opinion came from Dr. Penny Aber, who completed a check-form assessment of the claimant for the State Disability Determination Services on November 4, 2005 (Tr. 211-218). Dr. Aber did not examine the claimant (or review any statements from medical sources who did) but found the claimant was capable of performing the full range of light work (Tr. 217). The ALJ gave Dr. Aber's opinion "considerable weight" based in part upon the results of an MRI and x-rays ordered by the ALJ *after* Dr. Aber completed her assessment (Tr. 18). The second opinion came from Dr. Bradley M. Short, who examined the claimant and prepared a medical source statement on November 27, 2007. Dr. Short opined that the claimant could lift/carry up to 50 pounds occasionally and up to 20 pounds frequently, but that he could stand/walk only 4 hours a day (Tr. 18, 262-263), which would preclude an RFC for the full range of light work (which requires standing/walking for 6 hours a day). The ALJ accorded Dr. Short's opinions little weight "[b]ecause [Dr. Short] did not consider the negative x-rays or the MRI findings" (Tr. 18), *i. e.*, essentially "no weight at all," as those opinions could not be reconciled with the ALJ's ultimate determination that the claimant could perform all light work.

The ALJ thus opted for a non-examining physician's opinion over the opinion of a physician who actually examined the claimant, but did not explain this preference other than by referral to the "negative x-rays [and] the MRI findings" that neither of them had an opportunity to consider. *See, e. g., Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987) ("[R]eports of reviewing physicians are . . . accorded less weight than those of examining physicians."). *See also Miranda v. Barnhart,* 205 Fed. Appx. 638, 641 (10th Cir. 2005) (noting that the ALJ did not adequately explain why the opinion of a non-examining physician deserved greater weight than the opinion of an examining physician). *See generally Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all."). Moreover, the ALJ neglected to analyze the proper weight to give these opinions under 20 C.F.R. § 404.1527. *See, e. g., Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, *see* 20 C.F.R. § 404.1527(d), although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).

Because the ALJ failed to properly weigh the medical opinions in the case, the decision of the Commissioner must therefore be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly evaluate the medical

opinions of record and fully explain the weight given to each. If any adjustments are made to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence. The Commissioner's decision is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of March, 2010.

                                        **STEVEN P. SHREDER**
                                        **UNITED STATES MAGISTRATE JUDGE**